(C.D. 2267)

## A. W. RONALD ASSOCIATES *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 13, 1961)

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges; DONLON, J., concurring

JOHNSON, Judge: The merchandise involved in this case is described on the invoice as " 'Klick' Soap Holders" and was classified by similitude under paragraph 212 of the Tariff Act of 1930, as modified, under the provision for sanitary ware of plain white porcelain. Duty was assessed at 33 per centum ad valorem. Various claims are made in the protest but the one relied upon is that the merchandise is properly dutiable at 10 per centum ad valorem under paragraph 1558 of said tariff act, as modified, as an unenumerated manufactured article.

The pertinent provisions of the tariff act are as follows:

[PAR. 212, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108.] China, porcelain, and other vitrified wares, including chemical porcelain ware and chemical stoneware, composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, * * * all the foregoing, whether plain white, * * * or ornamented or decorated

in any manner, and manufactures in chief value of such ware, not specially provided for:

\* \* \* \* \* \* \*

Sanitary ware and fittings and parts therefor_____ 33% ad val.

[PAR. 1558, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739 and T.D. 52827.] Articles manufactured, in whole or in part, not specially provided for (\* \* \*)_____ 10% ad val.

PAR. 1559 [as amended by the Customs Simplification Act of 1954]. (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

At the trial, it was stipulated that the imported article is composed in chief value of a plastic, of a polished styrene family, and that, when broken, it would not show a vitrified or vitreous, or semivitrified or semivitreous fracture.

Alfred W. Ronald, owner of the importing company, testified that his firm imports novelty items and gadgets and distributes them throughout the United States, and that he was familiar with the merchandise involved herein. A sample was received in evidence as plaintiff's collective exhibit 1. It consists of a white plastic arm, with a flat back, which is to be affixed to a wall by means of glue or screws. The arm extends out about 2½ inches and contains near the end two magnetized pieces of metal. Additional parts of the merchandise consist of a metal cup, about seven-eighths of 1 inch in diameter, a metal disk of the same size, and a small rubber tube said to contain adhesive material to be used in affixing the arm to a wall. The witness testified that the metal cup is to be embedded into a bar of soap, so that the soap can be suspended from the arm, thus saving soap and distributing its fragrance throughout the bathroom. The metal disk can be glued to a shaving brush, so that the brush can be suspended from the arm. The item is to be fastened to the wall of a kitchen or bathroom, usually above a soapdish, so that any drippings from the soap are caught in the dish below.

Mr. Ronald stated that this item is sold as a soap saver; that it is used to suspend soap, but that it does not contain it. He said that he did not sell soapdishes or shaving-brush stands, but testified:

In order for me to import a product, or to buy any product anywhere, I must have a certain knowledge of competitive products on the market; and, in order to buy, I must know what I think I can sell. Therefore, my knowledge is in that way that I know, or I knew at the time I imported this product, that there was nothing like it on the market, and, as such, I imported it as a gadget which I then sold through mail order and retail distribution.

He had seen it used in his own home and in his doctor's office, but not elsewhere.

At the close of plaintiff's case, counsel for the defendant moved to dismiss the protest for failure to make out a *prima facie* case. Decision was reserved and both parties submitted. Subsequently, the defendant moved to reopen the case for the purpose of receiving testimony to the effect that the phrase "composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture," is not exclusionary but is descriptive of china, porcelain, and other vitrified wares. This motion was denied. Plaintiff has submitted a brief setting forth its contentions, but the defendant has not done so.

Plaintiff claims that, under the principle laid down in *Maher-App & Company* v. *United States*, 44 C.C.P.A. (Customs) 22, C.A.D. 630, this merchandise is excluded from classification under paragraph 212 by similitude; that it is a unique patented article not similar in use to any known article; and that it is properly classifiable under paragraph 1558, *supra*, as a nonenumerated manufactured article.

The *Maher-App* case involved plastic artificial teeth which had been classified by similitude under the provision of paragraph 212, as modified, for articles and manufactures in chief value of china, porcelain, and other vitrified wares, composed of a vitrified nonabsorbent body which when broken showed a vitrified or vitreous, or semivitrified or semivitreous fracture. It was not contended that the article, when broken, showed such a fracture, and the court held that the limitation in the paragraph to articles showing such a fracture was exclusionary, not descriptive, and that the similitude clause could not be applied. The court stated (pp. 26–27):

As we interpret paragraph 212, the reference to the type of fracture is not merely a further description of "China, porcelain, and other vitrified wares" but is a definite limitation on the materials which may be classified under the paragraph, just as the references to sugar content in the *Cresca* case [*Cresca Co. (Inc.) et al.* v. *United States*, 17 C.C.P.A. (Customs) 83, T.D. 43376], and to chocolate, nuts, fruit, and confectionery in the *Neuman & Schwiers Co.* case [*United States* v. *Neuman & Schwiers Co.*, 6 Ct. Cust. Appls. 228, T.D. 35467] were.

\* \* \* \* \* \* \*

Appellee argues that since the similitude relied on here is that of use, the fracture limitation, which relates to material, quality, or texture, must be disregarded. In our opinion, however, as was stated in the *Cresca* case, *no application of the similitude statute can bring under a paragraph merchandise which is excluded by the express language of that paragraph*. The cakes involved in the *Neuman & Schwiers Co.* case, which did not include chocolate, nuts, fruit, or confectionery, were no doubt similar in use to cakes containing one or more of those ingredients, but it was nevertheless held that they could not be included by similitude under a paragraph calling for such ingredients. Similarly, porcelain teeth which did not show the specified fracture would be similar in use to those that did, but appellee agrees that the former could not be included under paragraph 212 by similitude. [Italics supplied.]

Although the similitude clause in paragraph 1559 has been amended since the date of the entry involved in the *Maher-App* case to restrict similitude to that of use, except where an article equally resembles in use two or more articles, the language of the court of appeals, *supra*, indicates that the change would not affect its holding that "no application of the similitude statute can bring under a paragraph merchandise which is excluded by the express language of that paragraph."

In the instant case, moreover, while the collector classified the merchandise by similitude to sanitary ware of plain white porcelain, the only evidence presented is to the effect that, at the time of importation, there was nothing like this item on the market and that it was imported as a novelty or gadget. An examination of the sample indicates that it is not similar in use to the ordinary soapdish or brush holder.

On the record presented, defendant's motion to dismiss the protest is denied. We hold that this merchandise is properly dutiable at 10 per centum ad valorem under paragraph 1558, as modified, as a nonenumerated manufactured article. To that extent, the protest is sustained. In all other respects, it is overruled. Judgment will be rendered accordingly.

CONCURRING OPINION

DONLON, Judge: I concur in the result and in that part of the decision which holds that the evidence of record, including the sample of the merchandise which was introduced on trial, indicates that this is a novelty or gadget not similar in use to the ordinary soapdish or brush holder.

For the reasons stated in my concurring opinion in *Air Express Int'l Agency, Inc., et al.* v. *United States*, 46 Cust. Ct. 163, C.D. 2251, decided April 17, 1961, I am of opinion that the amendment of paragraph 1559 subsequent to the decision of our appeals court in *Maher-App & Company* v. *United States*, 44 C.C.P.A. (Customs) 22, C.A.D. 630, warrants a limited reliance on that decision as precedent in cases where there is similitude in use but not in material, pending further consideration by the appeals court.