BEFORE THE FIRST DIVISION, APRIL 17, 1963

No. 67602.—Hi Test Twist Drill Works, Inc., et al. v. United States, protests 59/25100, etc. (New York).

OLIVER, Chief Judge: The merchandise the subject of these protests consists of cases, made of vinyl or plastic, each case containing either a single drill

bit or a set of drill bits. The cases were assessed with duty at the rate of 20 per centum ad valorem under paragraph 1531, Tariff Act of 1930, as modified by T.D. 51802, by similitude, under paragraph 1559(a) of the said act, as amended, to the leather cases therein provided for.

By their protests, plaintiffs claim that the cases are properly dutiable at the rate of 10 per centum ad valorem under the provision in paragraph 1558, Tariff Act of 1930, as modified by T.D. 52739 and T.D. 52827, for nonenumerated manufactured articles. A claim for duty at the rate of 12½ per centum ad valorem under paragraph 1537(b), as modified, while not abandoned, was not pressed, and no proof was offered in support of it. The classification of the drill bits is not involved in the present case.

Samples of the cases are before us as plaintiffs' exhibits 1, 2, and 3. Exhibits 1 and 3 are similar in appearance, being made of a flexible type of plastic, presumably vinyl. Exhibit 1 has a transparent front and a red-colored back, and holds 1 drill, while exhibit 3 is made almost entirely of transparent plastic, and holds a 13-piece drill set. Exhibit 3 contains pockets, fabricated into the case, each holding a designated size of drill bit. Exhibit 2 is a rigid type of plastic, so made that a set of small drills may be inserted and kept therein, each in a separate slot with the size number molded into the plastic. There is testimony, and it is amply borne out by an inspection of the samples, that, after importation, the articles are sold with the drills contained therein and used as permanent storage containers for the drills.

It is the plaintiffs' contention that leather cases are not used as containers for drills and that, consequently, there can be no similitude of use, as required by paragraph 1559(a), *supra*,[1] between leather cases and the containers at bar.

The single witness who testified at the trial of the issue was the secretary and treasurer of the importing firms involved in the cases at bar. He was a man of long experience in dealing in the United States in drills and drill sets. He testified that he knew of no other containers used in the United States in competition with exhibits 1, 2, and 3, which have, according to the witness, features not possessed by other containers, such as transparency, low cost, ready marketability, flexibility, and permanency. The witness explained that drill bits are sometimes sold in paper envelopes, but that such containers differ from those at bar, in that they are thrown away after purchase, that is to say, they are not used as permanent containers. He further testified that he had never known leather cases to be used for the same purpose as exhibits 1, 2, and 3.

No oral testimony was offered on behalf of the Government, but, on cross-examination of the witness, it was brought out that metal cases are sometimes used for permanent storage of drill sets, and it appears that the witness' firm offers and sells drill sets in metal cases. His testimony on the point, however, was that a separate charge was always made for such metal cases apart from the charge made for the drills.

It is the defendant's contention that, on this record, plaintiffs have failed to overcome the presumption of correctness attaching to the collector's classification of the merchandise as similar in the use to which it may be applied to leather cases. Citing *S.S. Kresge Co. et al.* v. *United States*, 46 CCPA 100, C.A.D. 707, defendant contends that it is not necessary, in order to support a classification by similitude, that the imported and the enumerated articles

---

[1] So far as pertinent, paragraph 1559(a) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, provides as follows: PAR. 1559. (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned.

have *identical* uses; the requirement of the statute is only that they have *similar* uses. It is argued that, implicit in the collector's classification, is a finding that the imported articles are similar to leather cases in the use to which they may be applied, and that this finding has not been disproved.

We are satisfied that the record establishes that leather cases are not used as containers for drill sets. Neither the record nor counsel for the defendant has enlightened us as to what use of leather cases the use of the imported articles is similar, or, more specifically, as to what use of leather cases the collector found the use of the imported articles is similar.

However, we do not think that it is necessary to pursue such a line of inquiry further, inasmuch as the evidence establishes that there are containers for drills and drill sets which the imported cases resemble in use more than they resemble leather cases in use. The similitude provision presupposes that there may be situations in which the imported article may be similar in the use to which it may be applied to more than one enumerated article. In such cases, the imported article is to be classified by similitude to that enumerated article which it most resembles in use.

The use of the imported articles is as sales and storage containers for drills and drill sets. The evidence establishes that, although drills and drill sets are not sold and stored in leather containers, they are sold in paper containers and are sold and stored in metal containers. This being so, it is manifest that, in the use to which they may be applied, the imported containers most resemble either paper or metal containers rather than leather cases, and the classification made by the collector is demonstrated to be erroneous.

The next question is whether plaintiffs succeeded in establishing the correctness of their claim that the merchandise is not classifiable by similitude to any article enumerated in the tariff act as chargeable with duty and, consequently, is relegated to the catchall clause in paragraph 1558.

In this connection, plaintiffs' counsel contends that burden was on the defendant to go forward with the evidence to establish classification by similitude to some enumerated article, other than leather cases, and that defendant failed to do so. We do not think that counsel has correctly stated the evidentiary situation in this case.

The record establishes that metal cases are used as sale and storage containers for drills. It is clear from the record that these are the most important functions of drill containers, and it follows that the imported articles most resemble metal cases (which would obviously be dutiable under one of the enumerations in the metal schedule of the tariff act) in the use to which they may be applied, and that, inasmuch as the use of the imported plastic or vinyl containers is the same as that of the metal cases, the similitude of use between the imported and enumerated articles is substantial.

The situation in the case at bar differs from that in the case of *Salentine & Company, Inc.* v. *United States*, 46 Cust. Ct. 357, Abstract 65216, cited and relied upon by plaintiffs. In that case, there was no evidence adduced concerning similitude between the imported "plombes," or body-cavity fillers, and any enumerated article other than manufactures of india rubber. Inasmuch as it was shown that rubber is never used as an implant in the human body, classification by similitude to manufactures of rubber was found to be erroneous. In the case at bar, it has been established by evidence that the imported articles are similar in the use to which they may be applied to an enumerated article, to wit, metal cases. Consequently, the decision in the *Salentine* case has no application in the case at bar.

Counsel argues that the similitude of use between the imported articles and metal cases is not substantial for several reasons, one being that in the case

of sales of drills in metal containers, a separate charge is made for the container apart from the drills. We fail to see how this fact would have a bearing on the question of similitude, and no argument or authority has been advanced on the point.

The other arguments of counsel against similitude to metal cases are directed toward reciting the characteristics of the plastic and vinyl containers at bar which are not possessed by metal containers, e.g., transparency, cheapness, proof against moisture, flexibility, etc.

It has been frequently pointed out that classification by similitude presupposes differences between the imported article and that enumerated in the particular paragraph of the tariff act in question. *S. S. Kresge Co. et al.* v. *United States, supra.* We would consider that the important similarity of use between the imported articles and metal cases is that they are both used as sale and storage containers. The fact that the imported articles possess certain attributes along the lines of those cited, which are not possessed by metal containers, we do not regard as affecting the very substantial similitude of use as sales and storage containers. *Seattle Marine & Fishing Supply Co. et al.* v. *United States,* 45 CCPA 93, C.A.D. 679.

On the record presented, we are satisfied that the protests must be overruled, without affirming the action of the collector. Judgment will issue accordingly.