J. E. BERNARD & Co., INC. *v.* UNITED STATES    (No. 5223)\*

\*C.A.D. 886.

United States Court of Customs and Patent Appeals, July 7, 1966

*Barnes, Richardson & Colburn* (*Joseph Schwartz*, of counsel) for appellant.
*John W. Douglas*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, *Charles P. Deem* for the United States.

[Oral argument April 7, 1966 by Mr. Schwartz, Mr. Deem and Mr. Vance]

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Associate Judges

SMITH, Judge, delivered the opinion of the court:

This is an appeal from the decision of the Customs Court, Third Division (55 Cust. Ct. 17, C.D. 2549) unanimously denying appellant's "principal claim" to classification of imported plastic toilet roll holders [1] as articles n.s.p.f. A two judge majority so held on the basis that appellant had failed in its burden of proof; the third judge, in dissent, was of the opinion that the case should be restored to the calendar for the submission of additional evidence. Each of the three judges below wrote an opinion in support of these individual views. The imported plastic toilet roll holders were classified by similitude, par. 1559(a),[2] to porcelain sanitary ware under par. 212.[3] The pertinent provisions read as follows:

Par. 1559(a), as amended:

Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned;

---

[1] The protest as filed contains a claim to other articles termed "Back Plates" which was expressly abandoned at trial and need not be considered here.

[2] Tariff Act of 1930, as amended, 89 Treas. Dec. 214, T.D. 53582.

[3] Tariff Act of 1930, as modified by 91 Treas. Dec. 150, 168–69, T.D. 54108.

and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the material of which it is composed.

Par. 212, as modified:

China, porcelain, and other vitrified wares, including chemical porcelain ware and chemical stoneware, composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, * * *

\*      \*      \*      \*      \*      \*      \*

Sanitary ware and fittings and parts therefor_____ 30% ad val.

Appellant in its protest as filed claimed the articles were dutiable under several paragraphs. In counsel's opening statement at trial, however, the "principal claim" advanced was based on par. 1558 [4] and no evidence was submitted as to its other claims.[5] Par. 1558, as relevant, provides:

Articles manufactured, in whole or in part, n.s.p.f. * * *____ 10% ad val.

The judgment [6] of the court below dismissed the protest as to claims concerning which no evidence was submitted. Appellant urges that these claims be "deemed abandoned because not pressed," and argues the record establishes that par. 1558 is the proper classification. We shall consider the protest as based on the "principal claim" only.

It is axiomatic, and appellant agrees, that it has the dual burden of proving that the classification of the collector, par. 212, is erroneous and that classification under par. 1558 is correct. Appellant also agrees that the imported articles are not enumerated in the Tariff Act of 1930, as amended, and under these circumstances resort to classification by similitude, in par. 1559(a), is proper.

The similitude provision contained in par. 1559, quoted supra, provides that classification by similitude is to be determined first by comparing the use of the imported articles with the use of an article which is enumerated in the Tariff Act. If the use of the imported article equally resembles the uses of two or more enumerated articles, it is then classified by similitudes to the article "which it most resembles in respect of the material of which it is composed." ▮ Thus, similitude is to be determined first by use and second by use and material. In relation to the previous provision on similitude, use and material are

---

[4] Tariff Act of 1930, as modified by 86 Treas. Dec. 121, 216, T.D. 52739.

[5] Appellant claimed the articles were dutiable under pars. 31 and 397, as modified, by virtue of similitude under par. 1559(a). Par. 31 relates to articles of cellulose acetate and par. 397 relates to articles of metal.

[6] Endorsed by Donlon, J., and Nichols, J. Donlon, J. would dismiss these claims for failure to prosecute. Nichols, J., while considering these claims relevant to the protest, would dismiss the protest in all respects based on appellant's failure to meet its burden of proof. Richardson, J., relying in part on counsel's statement at trial that no claim was abandoned, would restore the case to the calendar for additional evidence.

no longer equal tests in determining similitude and quality and texture have been eliminated as tests of similitude.[7]

Appellant agrees that in classification by similitude use is the first test and use and material second.[8] Its theory as to the new similitude provision is as follows:

Under Par. 1559 as amended, the classification must be by similitude to "that one" article which plastic toilet roll holders *most* resemble, either in use or in use and material. "That one" article, under the collector's classification (which is presumed to be correct in the absence of evidence to the contrary) is *porcelain.* As there is no evidence to the contrary, it must be presumed that there is no other "one" article which plastic toilet roll holders "most" resemble in use or in use and material. Hence no classification by similitude to any other article may be made. * * *

The gist of appellant's theory is that the customs collector, by resorting to the similitude provisions, has ruled in effect that the imported article is nonenumerated. Further, it is appellant's position that the classification selected by the collector must be presumed to be the best possible classification considering the entire Tariff Act and hence the only correct classification permitted by par. 1559.

All three judges below rejected appellant's theory. They unanimously agreed that appellant had not discharged its burden of proof and was therefore not entitled to classification under par. 1558. Judge Donlon, in what is termed the majority opinion, reasoned as follows:

Whether because plaintiff has failed to rebut the presumption that these plastic toilet roll holders resemble in use porcelain toilet roll holders, as the collector found; or because we take judicial notice of what has not been proven, namely, that there are at least two, and perhaps more, other toilet roll holders, made of different materials, which these plastic holders equally resemble in use, and plaintiff has failed to prove which of them is made of a material which the plastic polystyrene of these holders most nearly resembles; in either case, plaintiff has not met its burden of proof.

Judge Nichols, in a concurring opinion, stated:

I do not think counsel, by limitations in the proof offered, can bar us from taking judicial notice of what is open and obvious to us in our daily lives, not requiring technical knowledge or explanation. We know, judicially, that toilet roll holders are made of several materials, and that their use is virtually identical, of whatever material they are made. * * *

* * * * * * *

In some cases, possible similitude may be established or refuted by facts of which we can take judicial notice. However, the selection among articles, all identical as to use, to find the merchandise most resembling that before us as to material, would seem usually to require evidence. Such evidence being lacking, the plaintiff must be held not to have sustained its burden of establishing what

[7] Par. 1559, as amended by the Customs Simplification Act of 1954, effective October 1, 1954. See fn. 2, supra.

[8] Appellant states in its brief: "We submit that similarity of material is still the test if the imported article equally resembles in use two or more enumerated articles."

classification is correct. It cannot properly obtain paragraph 1558 classification without refuting our supposition that valid similitudes exist. * * *

Judge Richardson, in a dissenting opinion, stated:

* * * there has been no evidence introduced to prove that the toilet roll holders should be classified by similitude to merchandise under some paragraph of the tariff act, other than paragraph 212, the paragraph used by the collector * * * However, plaintiff did not rest its claim under paragraph 1558 only. It also claimed, in the alternative, 17 per centum under paragraph 31, as modified, by similitude to articles of cellulose acetate, or at 19 per centum under paragraph 397, as modified, by similitude to metal articles, and it was stated at the trial "we are not abandoning any other claim in the protest."

Ordinarily, I would dismiss these alternative claims since no evidence was introduced to support them, but in view of the plaintiff's position that "we are not abandoning any other claim in the protest," and the language of paragraph 1559 which states that "Each and every imported article, not enumerated in this chapter, which is similar in the use to which it may be applied to *any article enumerated in this chapter* as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned * * * " [emphasis added], I feel we cannot eliminate paragraphs 31 and 397 from consideration in deciding the case.

As there has been no evidence and I am not informed of an end product of cellulose acetate which resembles the subject merchandise in use, the subject merchandise cannot be classified under paragraph 31. On the other hand, it is a matter of common knowledge that toilet roll holders are made of various materials, including metal (embraced in paragraph 397), as well as porcelain and plastic. The court may take judicial notice of a fact that is a matter of common knowledge * * *.

We agree with the conclusion in the opinions below that appellant has not met his burden of proof of establishing par. 1558 as the correct classification by allegedly proving that the classification of the customs collector was wrong.[9] ▮ Appellant cites no authority that the court below cannot, in a proper case, take judicial notice of paragraphs other than the one relied on by the collector in deciding the issue of similitude. We find no error below by virtue of the court's taking judicial notice that toilet roll holders are made of wood and metal. See *Bob Stone Cordage Co.* v. *United States*, 51 CCPA 60, C.A.D. 838. Appellant also does not cite any authority for its theory that the classification of articles n.s.p.f. is proper if the collector's classification is proven wrong. ▮ Proof that the collector's classification is wrong does not automatically negate classification under par. 1559 by similitude of use to other enumerated articles; nor does it establish that the articles are n.s.p.f., i.e., not so classifiable as enumerated articles or as nonenumerated articles by virtue of similitude under *any* paragraph of the Tariff Act. See *A. L. Erlanger Co.* v. *United States*,

---

[9] The Judges below disagreed as to this point. Donlon, J., would affirm the collector's classification as being correct. Nichols, J., and Richardson, J., felt this classification was wrong.

51 CCPA 51, 56, C.A.D. 836; *Hi Test Twist Drill Works, Inc.* v. *United States*, 50 Cust. Ct. 265, Abs. 67602.

Appellant, assuming that its theory as to the application of the similitude provision had found acceptance, sought to disprove the collector's classification, par. 212, by virtue of the "exclusionary" rule. It is argued that par. 212 is erroneous because the imported article does not show a vitrified fracture when broken, as required of the china, porcelain and other vitrified wares enumerated in par. 212. Appellant argues this court's decision in *Maher-App & Co.* v. *United States*, 44 CCPA 22, C.A.D. 630, requires this result.

The effect of par. 1559(a), as amended, on the decision in *Maher-App* appears to have been of considerable concern to all three judges below. Concerning this question of law, Judge Donlon, citing authorities, was of the view that articles must be *different* before the similitude test can come into play, and articles must be the same except for some limitation in the paragraph applied before the exclusionary rule was applicable. The similitude test and the exclusionary rule in Judge Donlon's view thus do not overlap in their application. Accordingly, Judge Donlon would hold that par. 212 was the proper classification by virtue of similitude of use to porcelain sanitary ware and would limit the exclusionary effect of par. 212 to excluding from classification the enumerated articles therein which do not demonstrate a vitrified fracture.

Judge Nichols, was of the view that use and material must be the test of similitude in this case as there are toilet roll holders made of various materials all being "identical as to use" and no one material was shown to most resemble the material in the imported articles. His view is that the effect of the similitude test on the *Maher-App* decision could "be saved for another case when it arises."

Judge Richardson, in dissent, felt that the *Maher-App* decision required that the imported goods could not be classified under par. 212 "even though the similitude relied upon is that of use."

The above question of law was extensively analyzed by the court below. Appellant argued its theory, supra, as to the similitude provision which, we think, does not render it "bereft of vitality." *A. L. Erlanger*, supra, 51 CCPA at 56. Appellee argued that appellant has failed in its burden of proof.

While the importance of the question of law raised by the court below cannot be denied,[10] it is our view that the judgment of the court

---

[10] Three lower court cases are discussed and cited in the court's opinion below as being related to this question of law, *A. W. Ronald Ass'n* v. *United States,* 46 Cust. Ct. 264, C.D. 2267; *Air Express Int'l Agency* v. *United States,* 46 Cust. Ct. 163, C.D. 2251; *New York Merchandise Co.* v. *United States,* 54 Cust. Ct. 199, C.D. 2533.

below must be affirmed on the fundamental proposition that appellant has failed in its burden of proof. Since this determination is dispositive of the present appeal, it is unnecessary to pass upon the other question of law considered by the lower court.

The judgment of the lower court is therefore *affirmed*.