(C.D. 3566)

E. MILTENBERG, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided September 18, 1968)

*Barnes, Richardson & Colburn* (*Earl R. Lidstrom* and *E. Thomas Honey* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Sheila N. Ziff* and *Brian S. Goldstein*, trial attorneys), for the defendant.

Before RAO and FORD, Judges, and OLIVER, Senior Judge

OLIVER, Judge: The merchandise involved in the protests at bar consists of certain sample booklets of stainless steel suture needles sold

under the trade name "Miltex". The booklets were classified under paragraph 359 of the Tariff Act of 1930, as modified by T.D. 51802, as surgical needles in chief value of metal at 40 per centum ad valorem.

Plaintiff claims that the merchandise is entitled to free entry under the provisions of paragraph 1821(a) of the Tariff Act of 1930, as added by Public Law 85–211, in that certain samples which are to be used in the United States only for soliciting orders for products of foreign countries are duty free.

The pertinent provisions of the statutes involved follow:

Classified under:

Paragraph 359 of the Tariff Act of 1930, as modified by T.D. 51802:

Surgical needles, including hypodermic needles, composed wholly or in part of iron, steel, copper, brass, nickel, aluminum, or other metal, finished or unfinished _____ 40% ad val.

Claimed under:

Paragraph 1821 of the Tariff Act of 1930, as added by Public Law 85–211, 85th Congress, 1st session, 71 Stat. 486, August 28, 1957:

(a) Except as provided in subparagraph (b), (c), and (d), any sample to be used in the United States only for soliciting orders for the products of foreign countries.

(b) Subparagraph (a) shall apply to a sample only if its value does not exceed $1.00, except that this limitation shall not apply to (1) any sample which is marked, torn, perforated, or otherwise treated, in such a manner that such sample is unsuitable for sale or for use otherwise than as a sample * * *.

At the opening of trial, plaintiff's motion to consolidate protests 62/4865 and 60/29459 was granted. Plaintiff then moved to have its protest amended to read that plaintiff claims the merchandise free of duty under paragraph 1821, *supra*. The defendant interposed no objection.

The record consists of the oral testimony of Mr. Curt M. Hollander, sole witness for the plaintiff, whose testimony is uncontradicted, and a booklet of surgical needles marked plaintiff's collective exhibit 1. Oral stipulation was entered into between counsel for the parties that plaintiff's collective exhibit 1 is an actual sample of the merchandise at bar.

Mr. Hollander testified substantially as follows: That he is vice president of E. Miltenberg, Inc., the plaintiff herein, which is in the business of importing and exporting. He is in charge of the surgical department, including development of importing and Government contracts. He also purchases the booklets of surgical needles as represented by exhibit 1 herein. The sample booklets are distributed to sur-

gical supply houses who use them to sell surgical needles by showing them to surgical operating room supervisors in various hospitals. The sample booklets like exhibit 1 are given away either free to the surgical supply houses or, in some cases, are sold to them at less than cost to the plaintiff. Plaintiff's salesmen are instructed never to take out any of the surgical needles from the sample booklets. They are used only for exhibition purposes in selling. Dealers are told that any purchase price they pay for the sample booklets will be refunded if returned in good condition.

Collective exhibit 1 is used by a customer only for selection of needles when ordering larger quantities for use in the operating room. Each needle in the sample booklet is identified by two numbers, one specifies the type of needle, the other specifies the size. A needle exhibited under these numbers in the sample booklet is the same as a needle that can be ordered by the customer. When a specific needle is so ordered, the customer will receive the needles corresponding to the numbers. The unit of purchase is 1 dozen minimum, packed six in a pack of one type and size. No two needles in the sample booklet are the same. Each differs in diameter, dimension, size of eye, and in shape. All of the needles illustrated in the sample booklet are manufactured in England and are imported therefrom. Collective exhibit 1 contains 225 needles of which number M.S. 170, the corneal needle, is the most expensive shown and for which the plaintiff pays approximately $20 per gross. The next most expensive is the post-mortem needle for which they pay about $10 per gross. All of the other needles are much less expensive. Collective exhibit 1 was invoiced at $21.25. The plaintiff charges the surgical supply houses $20.

The needles in the exhibit cannot be used in surgery. If removed from the booklet, they might be in a condition suitable for surgical use, but this is not usually done. These needles are the same as those that are ordered, but the samples are not packaged and treated to protect them against corrosion.

An operating room nurse always prepares a minimum of four to six needles of one type and size for a specific operation. This is necessary because a needle may break or fall on the floor, and would have to be replaced instantly since it then would be unsuitable for use in an operation. The needles must be sterilized before an operation, and a number of one type and size must be so prepared. The different needles in the sample booklet, exhibit 1, would be worthless for this purpose.

Opposing counsel in the case at bar discuss a group of cases recently analyzed in *London Records, Inc.* v. *United States*, 59 Cust. Ct. 104, C.D. 3087. The pertinent cases therein cited were *Carson M. Simon &*

*Co.* v. *United States*, 46 Cust. Ct. 118, C.D. 2243; *Italian Drugs Importing Co., Inc.* v. *United States*, 46 Cust. Ct. 243, C.D. 2263; *Swissedent International* and *Hoyt, Shepston & Sciaroni* v. *United States*, 47 Cust. Ct. 174, C.D. 2298. There the same issue as that at bar was involved. Various items of merchandise were claimed to be duty free as sample merchandise under paragraph 1821 (a) and (b) of the Tariff Act of 1930, *supra.*

In the *London Records* case, *supra*, certain white-labeled phonograph records, each record valued at less than $1, marked "Made in England—Not for sale," and enclosed in an album, were sent without charge to distributors, to record reviewers, and to commercial and college radio stations throughout the United States to achieve public exposure of the records in expectation of creating or stimulating a demand for products of a foreign country. The collector assessed the records under item 724.25 of the Tariff Schedules of the United States simply as phonograph records. However, plaintiff claimed duty-free entry under paragraph 860.30 of the TSUS, the counterpart or successor to paragraph 1821 (a) and (b) of the Tariff Act of 1930, *supra*, under which is the claim at bar, as samples. The said item of TSUS reads as follows:

860.30     Any sample * * * valued not over $1 each * * * to be used in the United States only for soliciting orders for products of foreign countries_____    Free

The court sustained the plaintiff's protest claim after analyzing the earlier cases decided under the provisions of paragraph 1821, as amended, *supra.*

In the *Carson M. Simon* case, *supra*, an American company had imported samples of French and Italian wallpaper in book form and distributed them, unsolicited, to decorators throughout the country for the purpose of soliciting orders for foreign products as exhibited in the book. It was clear from the exhibits and the evidence that the sample merchandise itself was not suitable for use as wallpaper. The court observed that the stated objective of expanding international trade was accomplished where distribution of sample articles might result in the purchase of products of foreign manufacture. The Customs Court sustained the plaintiff's claim for free entry.

In the *Italian Drugs Importing* case, *supra*, the merchandise imported was vitamin samples which were distributed to physicians who in turn distributed the samples to their patients. The Customs Court held the vitamin samples free of duty under paragraph 1821, *supra*, even though the vitamin samples were actually consumed by the patients who might find them beneficial and become interested in purchasing them thereafter. Their actual use did not, in the opinion

of the court, preclude their classification as samples under paragraph 1821, *supra*. The court so held.

The *Swissedent International* case, *supra*, involved samples of porcelain artificial teeth on 15 metal prongs, in different shades of color, distributed in this country to dentists and dental technicians, free of charge, to obtain orders for such artificial teeth made only in Switzerland. The court, following the reasoning in the *Carson M. Simon* and the *Italian Drugs* cases, *supra*, held the merchandise entitled to free entry as samples under paragraph 1821 (a) and (b), *supra*. The last three cases cited were not appealed.

The defendant invokes the provision 1821(b) of the Tariff Act of 1930, as amended, which states that 1821(a) of the same paragraph shall not apply if the sample should exceed a value of $1. It is not necessary here to consider this provision in view of our finding as indicated, *infra*, particularly in view of the record that the said needles are not sterilized, and at least four of the same kind are needed for an operation. In the case at bar, we find no two surgical needles alike. Each is unique. Each and every needle is an individual sample.

Testimony of record also shows that the imported sample booklets are distributed to surgical supply houses, either free or for a refundable charge of $20. This, in our opinion, is persuasive that exhibit 1 is not merchandise imported for sale but is for the purpose of solicitation and selection of items of merchandise from samples. The witness stated that while a sample needle might be in condition suitable for surgical use when removed from the sample booklet, this is not usually done. Any such use we would regard as a mere fugitive use of no significance. Each needle in the booklet, in its condition as imported, has no practical use except as a sample.

It is the view of this court therefore that the only evident purpose of the sample surgical needles in exhibit 1 is to solicit and facilitate the selection of items of merchandise of a foreign country offered for sale in the United States to promote the expansion of international trade. Such was the objective of the International Convention to Facilitate the Importation of Commercial Samples and Advertising Material (8 UST 1636). We consider it applicable to the case at bar.

Therefore, based on the record and the reasoning in the pertinent cases cited, we hold the merchandise at bar properly free of duty under the provisions of paragraph 1821 (a) and (b) of the Tariff Act of 1930, as added by Public Law 85–211, as samples to be used in the United States only for soliciting orders for products of foreign countries, as claimed by the plaintiff. The claim in the protests is sustained. Judgment will issue accordingly.