(C.D. 2251)

AIR EXPRESS INT'L AGENCY, INC.
ALLIED SERVICE AGENCY, LTD. } *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 17, 1961)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* of counsel) for the plaintiffs.

*William H. Orrick, Jr.,* Assistant Attorney General (*Murray Sklaroff,* trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges; DONLON, J., concurring

JOHNSON, Judge: The merchandise involved in this case consists of artificial teeth made of plastic, assessed with duty at 70 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, and the President's proclamation of May 4, 1948, T.D. 51909. Said paragraph covers china, porcelain, and other vitrified wares, and this merchandise was classified thereunder, by virtue of the similitude clause of paragraph 1559, as amended by the Customs Simplification Act of 1954. It is claimed to be properly dutiable as nonenumerated

manufactured articles at 10 per centum ad valorem under paragraph 1558 of said tariff act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, and the President's notification of September 18, 1951, T.D. 52827.

The pertinent provisions of the tariff act are as follows:

[PAR. 212, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, and the President's proclamation of May 4, 1948, T.D. 51909.] China, porcelain, and other vitrified wares (except * * *), composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, * * * and all other articles composed wholly or in chief value of such ware, * * *:

> &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

Articles of the kinds provided for in the preceding item which are painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided for:

> &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

Other (except * * *):

> &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

Not containing 25 per centum or more of calcined bone____ 50¢ per doz., but not less than 45% nor more than 70% ad val.

[PAR. 1558, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, and the President's notification of September 18, 1951, T.D. 52827.] Articles manufactured, in whole or in part, not specially provided for (except * * *) _____ 10% ad val.

PAR. 1559 [as amended by the Customs Simplification Act of 1954]. (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

When this case was called for trial, it was stipulated that the merchandise was the same in all material respects as that the subject of *Maher-App & Company* v. *United States*, 44 C.C.P.A. (Customs) 22, C.A.D. 630, and the record in that case was incorporated herein. The case was thereafter submitted on the record as made.

In the *Maher-App* case, it was stipulated that the merchandise consisted of artificial teeth, composed of 99 per centum by weight of plastic and 1 per centum by weight of mineral pigment, used in place of natural human teeth; that such artificial teeth had been classified under paragraph 212 of the Tariff Act of 1930, by virtue of the similitude clause in paragraph 1559; and that they were not composed of

materials specifically covered by paragraph 212. No contention was made that the merchandise, when broken, showed a "vitrified or vitreous, or semivitrified or semivitreous fracture," and the court held that the limitation in paragraph 212 to materials which showed such a fracture was not descriptive, but exclusionary. Therefore, the similitude statute was found to be inapplicable. The court stated (pp. 26-27) :

As above noted, it is conceded in appellee's brief that porcelain not showing the specified fracture is excluded from classification under paragraph 212 by similitude, and to that extent at least, the reference to the fracture must be regarded as an exclusionary limitation. In the absence of evidence as to why the reference to fracture was included in the paragraph, there seems to be no sufficient reason for holding that its effect is to be limited to the materials provided for *eo nomine*. It does not appear logical to hold that porcelain in itself, which is provided for *eo nomine* in the paragraph, cannot be included unless it shows the specified type of fracture, whereas the instant merchandise, a plastic composition, which not only is not provided for *eo nomine*, but which no one contends exhibits the required fracture, may be included.

Appellee argues that since the similitude relied on here is that of use, the fracture limitation, which relates to material, quality, or texture, must be disregarded. In our opinion, however, as was stated in the *Cresca* case [*Cresca Co. (Inc.) et al.* v. *United States*, 17 C.C.P.A. (Customs) 83, T.D. 43376], no application of the similitude statute can bring under a paragraph merchandise which is excluded by the express language of that paragraph. The cakes involved in the *Neuman & Schwiers Co.* case [*United States* v. *Neuman & Schwiers Co.*, 6 Ct. Cust. Appls. 228, T.D. 35467], which did not include chocolate, nuts, fruit, or confectionery, were no doubt similar in use to cakes containing one or more of those ingredients, but it was nevertheless held that they could not be included by similitude under a paragraph calling for such ingredients. Similarly, porcelain teeth which did not show the specified fracture would be similar in use to those that did, but appellee agrees that the former could not be included under paragraph 212 by similitude.

Defendant seeks to distinguish that case on the ground that the similitude clause in paragraph 1559 of the Tariff Act of 1930 has been amended by the Customs Simplification Act of 1954. The similitude clause, as originally enacted, provided that a nonenumerated article which was similar, either in material, quality, texture, or use to any enumerated dutiable article, should be subject to the rate of duty levied on the enumerated article which it most resembled in any of the particulars mentioned. The amendment restricted the similitude to that of use and provided also that if a nonenumerated article equally resembled in use two or more articles, it should be subject to the rate of duty applicable to the one which it most resembled with respect to material. In *Dental Perfection Company, Inc., et al.* v. *United States*, 41 Cust. Ct. 323, Abstract 62180, we held that the amendment to paragraph 1559 did not warrant any different conclusion with respect to plastic artificial teeth than that reached by the court of appeals in the *Maher-App* case.

In *S. S. Kresge Co. et al.* v. *United States*, 46 C.C.P.A. (Customs) 100, C.A.D. 707, relied upon by defendant, the merchandise consisted of polystyrene paperweights, which were classified in accordance with paragraph 1559, as amended, by similitude of use to articles of glass covered by paragraph 218(f), as modified. It was held that the language in paragraph 218(f), referring to articles of glass, blown or partly blown, was descriptive, rather than exclusionary, since the paragraph also included glass objects which need not be blown. The *Maher-App* case was, therefore, distinguished and the merchandise held properly classified by similitude.

In another recent case, *United States* v. *Steinberg Bros.*, 47 C.C.P.A. (Customs) 47, C.A.D. 727, it was held that knit nylon fabric could not be classified, by similitude, as knit fabric of rayon or other synthetic textile under paragraph 1309, as modified, since the terms "rayon" and "other synthetic textile" were then defined in paragraph 1313 as products made by an artificial process from cellulose, cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing, and the imported merchandise was not such a product. The court said (pp. 49–50):

> Finding, as we do, that the imported merchandise is not a specifically enumerated article and directly classified in the Tariff Act of 1930 as modified, the next question to be considered is the application of the similitude provision of paragraph 1559. Upon initial consideration it would seem that this provision would support classification of the merchandise under paragraph 1309 as a material most resembling rayon. However, we agree with the position of the importer and the Government that such a classification would be improper. No application of the similitude provision of the statute can put merchandise into a classification from which it is expressly excluded. *Maher-App & Company* v. *United States*, 44 CCPA 22, C.A.D. 630; *Cresca Co. (Inc.) et al.* v. *United States*, 17 CCPA 83, T.D. 43376.

Since the collector classified the instant merchandise under paragraph 212 of the Tariff Act of 1930, as modified, by virtue of the similitude clause of paragraph 1559, as amended, it is presumed that he found that plastic artificial teeth were not enumerated in the tariff act; that they most resembled in use porcelain artificial teeth, or that they equally resembled in use porcelain artificial teeth and other enumerated articles but most resembled porcelain artificial teeth in respect to the materials of which they were composed. However, merchandise not having the specified fracture is excluded from classification under paragraph 212 by any application of the similitude statute; therefore, the collector's classification is erroneous. Furthermore, if, by reason of an exclusionary provision, a nonenumerated article cannot be classified by similitude to the article it most resembles, either in use or in use and material, no classification by similitude to other articles may be made under the provisions of paragraph 1559, as

amended. Therefore, the merchandise must be held subject to duty under paragraph 1558 as a nonenumerated article.

For the reasons stated, we hold that the plastic artificial teeth involved herein are properly dutiable at 10 per centum ad valorem under paragraph 1558, as modified, as nonenumerated manufactured articles. The protest is sustained and judgment will be rendered for the plaintiffs.

CONCURRING OPINION

DONLON, Judge: Artificial teeth are not *eo nomine* provided for in the Tariff Act of 1930, as Judge Worley pointed out in his opinion in *Maher-App & Company* v. *United States*, 44 C.C.P.A. (Customs) 22, C.A.D. 630. By administrative construction, judicially approved, artificial teeth are enumerated under paragraph 212 if they are "composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture . . . ."

In *Maher-App, supra*, the question was as to classification of plastic teeth under paragraph 212, pursuant to the similitude provision of paragraph 1559. The merchandise of that case had been entered prior to the amendment of paragraph 1559, effected by the Customs Simplification Act of 1954. This merchandise was entered after the 1954 amendment had become effective.

Much of the reasoning on which the *Maher-App* decision, *supra*, was based, would seem to be inapt under amended paragraph 1559. The only issue paragraph 1559 now permits is the issue of similitude in use, save where the nonenumerated article equally resembles in use two or more enumerated articles with different duty rates, a circumstance that does not exist here.

It is too well settled to require citations, that there may be similarity in use between articles of dissimilar materials. This court held, in the *Maher-App* case, that there was similitude in use between the plastic teeth there in litigation and teeth "composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture . . .," dutiable under paragraph 212.

On appeal, the majority of our appeals court held, if I read aright their decision, that there was neither such similitude in use nor was there similitude of material. As noted above, similitude of material is no longer an issue to be considered here. We have considered only whether there is similitude in use.

How far language concededly exclusionary as to similitude of material, under old paragraph 1559, is to be construed as being applicable in reaching a decision as to similitude of use in articles composed of different materials, may need further judicial clarification. I have the view that it does so require. However, we have before us here

an issue identical to an issue previously litigated, namely, similitude in use, involving an article stipulated of record here as being similar in all material respects to the article there litigated. The decision of our appeals court in *Maher-App*, *supra*, is, therefore, *stare decisis*. It controls our decision here. For that reason, I concur.