No. 66728.—Chong Kee Jan Co., Inc., and Joseph A. Paredes & Co. *v.* United States, protest 60/25076 (San Francisco).

MOLLISON, Judge:  The merchandise involved in this case consists of plastic chopsticks which were assessed with duty at the rate of 25 per centum ad valorem, by similitude under the provisions of paragraph 1559(a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1954 (68 Stat. 1137), to the articles, not specially provided for, wholly or partly manufactured of bamboo covered by paragraph 409 of the said act, as modified.  The claim relied upon is made by amendment of the protest and is for duty at the rate of 15 per centum ad valorem, by similitude under paragraph 1559(a), *supra*, to the manufactures of ivory provided for in paragraph 1538 of the said act, as modified by T.D. 54108.

At the trial of the issue, the uncontradicted real and testimonial evidence offered by the plaintiffs established that the imported plastic chopsticks equally resemble, in the use to which they are applied, chopsticks made of either ivory or bamboo.  There is no question but that chopsticks of ivory would be properly classifiable under the provision in paragraph 1538, *supra*, and that chopsticks of bamboo would be properly classifiable under the provision in paragraph 409, *supra*.

The said evidence also establishes that, in respect of the materials of which they are made, the plastic chopsticks at bar most resemble ivory chopsticks.

On the record presented, it is clear that the issue in this case is controlled by our decision in the case of *Ignaz Strauss & Co., Inc., et al.* v. *United States*, 45 Cust. Ct. 161, C.D. 2218, holding that where imported nonenumerated articles equally resemble, in the use to which they may be applied, two or more dutiable enumerated articles, the determinant of similitude become comparative resemblance of materials.  Since the record in the case at bar establishes that the imported plastic chopsticks equally resemble ivory and bamboo chopsticks

in the use to which they are applied, but that, in respect of the materials of which they are composed, the imported plastic chopsticks most resemble ivory chopsticks, it follows that the imported articles are properly dutiable, by similitude to manufactures of ivory, not specially provided for, covered by paragraph 1538, *supra*.

Judgment will, therefore, issue sustaining the claim made by amendment of the protest accordingly.