(C.D. 2533)

NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 28, 1965)

*Stein & Shostak* (*S. Richard Shostak* and *Majorie M. Shostak* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Harold L. Grossman* and *Glenn E. Harris*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: This is an action brought by the importer to determine the proper classification of certain plastic doilies or table scarfs. The imported merchandise was described on the invoice as doilies measuring 14 by 42 inches and 15 by 33 inches and was assessed with duty at the rate of 45 per centum ad valorem as articles similar in use to bureau or table scarfs under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the supplemental agreement between the United States and Switzerland, 90 Treas. Dec. 174, T.D. 53832, by virtue of the similitude provisions contained in paragraph 1559 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, T.D. 53599 (19 U.S.C. § 1001, par. 1559).

Plaintiff, in its protest, claims the imported merchandise to be properly subject to duty at the rate of 10 per centum ad valorem as "Articles manufactured, in whole or in part, not specially provided for," under the provisions of paragraph 1558 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, and T.D. 52827. Alternatively, the imported merchandise is claimed properly dutiable at 15 per centum ad valorem as articles similar in use to those provided for in paragraph 1413 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802. By amendment to the protest, a further claim was made but not relied upon by plaintiff. We, therefore, deem abandoned, the claim by amendment under the provisions of paragraph 923 of the Tariff Act of 1930, as modified.

The pertinent portions of the statutes involved herein read as follows:

Paragraph 1529 (a) of the Tariff Act of 1930, as amended:

Laces, lace fabrics, and lace articles, made by hand or on a lace, net, knitting, or braiding machine, and all fabrics and articles made on a lace or net machine, all the foregoing, plain or figured; lace window curtains, veils, veilings, flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, galloons, edgings, trimmings, fringes, gimps, and ornaments; braids, loom woven and ornamented in the process of weaving, or made by hand, or on a lace, knitting, or braiding machine; and fabrics and articles embroidered (whether or not the embroidery is on a scalloped edge), tamboured, appliquéd, ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, not including one row of straight hemstitching adjoining the hem; all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished (except materials and articles provided for in paragraph 915, 920, 1006, 1022, 1111, 1116(a), 1504, 1505, 1513, 1518, 1523, or 1530(e), or in Title II (free list), or in subparagraph (b) of this paragraph), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, * * *.

Paragraph 1529 (a) of the Tariff Act of 1930, as modified by the supplemental agreement between the United States and Switzerland, *supra:*

Insertings, edgings, * * * doilies, rounds, ovals, oblongs, squares, motifs, bureau or table scarfs and sets, piano scarfs, chair back and chair arm covers, antimacassars, * * *; all the foregoing, finished or unfinished, however provided for in paragraph 1529(a), Tariff Act of 1930, which are embroidered or tamboured and which are wholly or in chief value of cotton (not including any laces, lace fabrics, or lace articles, made in any part on a lace machine, or articles or materials embroidered or tamboured in any part by hand or otherwise than with the use of multiple-needle, Cornely, or Bonnaz embroidery machines, but not excluding articles or materials the edges of which are embroidered with the use of other machines and not excluding articles or

materials by reason of the incidental ornamentation thereof by hand by means of spider work, faggoting, or similar stitches, extending across open-work resulting from the removal of a part of the fabric) :

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|
| Other. | | | | | | 45% ad val. |

Paragraph 1559 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, *supra:*

(a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned ; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

(c) If two or more enumerations shall be equally applicable to any article, it shall be subject to duty at the highest rate prescribed for any such enumeration.

Paragraph 1558 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, *supra:*

Articles manufactured, in whole or in part, not specially provided for (except * * *) _____ 10% ad val.

Paragraph 1413 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra:*

Papers and paper board and pulpboard, including cardboard and leatherboard or compress leather, embossed, cut, die-cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms, or cut or shaped for boxes or other articles, plain or printed, but not lithographed, and not specially provided for_____ 15% ad val.

The record herein consists of the testimony of one witness called on behalf of the plaintiff and the introduction of samples of the imported merchandise which were received in evidence as plaintiff's exhibits 1 and 2. The witness, Mr. Lawrence Ginsberg, the chief buyer of all textile merchandise for the importer, testified that he was familiar with the imported merchandise since he had purchased it in Israel when he was there; that, while he was in Israel, he had observed the manufacturing process of both exhibits 1 and 2 which he described as follows:

* * * The process is as follows: These are made on large plates, probably made out of brass, maybe copper, I am not sure about the material, in which there is etched the exact design that appears on the scarf. After etching a liquid made of plastic, a milky liquid resembling the common, ordinary bottle of milk, with the consistency of glue, is smeared on top of the etching and flattened out, and then inserted into an electric oven, and kept there for a short period of time, after which they are then removed and allowed to dry for a few moments, and then taken out in this finished product that you see right here. That is the process I saw in Israel.

The witness further testified that he had seen articles such as exhibits 1 and 2 made of linen, cotton, or rayon; that the cotton article was made on a lace machine or on a punched-out system, which was then embroidered; that he had seen articles such as exhibit 2 in a smaller size made of paper which was usually produced through a stamping out principle; that the use of exhibit 1 was identical to that of cotton articles produced on a lace machine but that the plastic articles could not be laundered since when exposed to steam heat they would melt, while cotton articles could be washed without any trouble; that the period of usefulness of the plastic articles was very limited compared with that of the cotton articles; that the imported articles were not made from filaments, yarns, or threads, nor were they made by a textile process; that the use of exhibit 2, as compared with smaller paper articles, was similar in that both had the basic weakness of lack of durability; that he had never seen a paper doily in the size of exhibit 2.

On cross-examination, the witness testified that he had seen table scarfs such as exhibit 1 made of linen, of rayon combined with silk or linen, and of Swiss embroidery, and that they are used in the same fashion as exhibits 1 and 2. On redirect examination, Mr. Ginsberg testified that the articles made of linen, rayon, and other components were wholly or in chief value of filaments, yarns, and threads, and that they were woven or knitted on a machine for lace of some type.

Based upon the record as made herein, plaintiff contends that the classification of the imported merchandise under the provisions of paragraph 1529(a), by virtue of the similitude provisions of paragraph 1559 of said act, as amended, is erroneous since the imported articles are not composed of yarns, threads, or filaments.

On the other hand, the defendant contends that the classification by similitude under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified, *supra*, is permissible, since the amendment by the Customs Simplification Act of 1954, *supra*, provides as a basis of similarity, "use," rather than material, quality, texture, or use, which were the determining factors prior to the amendment. It is the contention of the defendant herein that, by virtue of the change of language in paragraph 1559 of the Tariff Act of 1930, as amended, classification by similitude is permissible under a paragraph which contains exclusionary language relating to any characteristic other than use. In the case at bar, it is, therefore, urged that, since paragraph 1529(a) of the Tariff Act of 1930 contains an exclusionary provision relating to material, i.e., "when composed wholly or in chief value of filaments, yarns, threads, * * * ," a classification thereunder, by virtue of paragraph 1559, as amended, *supra*, is correct.

An examination of the provisions of paragraph 1529(a) of the Tariff Act of 1930 reveals that it contains certain exclusionary lan-

guage restricting any of the articles encompassed within said paragraph to those composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile. The provisions of paragraph 1529(a), as originally enacted, are broad and encompass all articles set forth, irrespective of the name, use, or whether or not described or provided for elsewhere in the act, provided, as stated above, they are composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile. Paragraph 1529(a) requires articles provided for thereunder to be composed of filaments, yarns, or threads, and it matters not whether they be natural or synthetic. *Gimbel Bros., Inc.* v. *United States*, 50 CCPA 23, C.A.D. 813; *The Barbizon Corporation* v. *United States*, 50 CCPA 29, C.A.D. 814. It has been held that paragraph 1529(a) invades all paragraphs except those specifically excepted. *United States* v. *C.I. Penn*, 27 CCPA 242, C.A.D. 93, and cases cited therein.

To accept the argument of the defendant would amount to an amendment of paragraph 1529(a) of the Tariff Act of 1930, by implication, which is not an accepted principle of law. If the intent of Congress in amending paragraph 1559, *supra*, was such as to eliminate any exclusionary provisions which relate to material, quality, or texture, it would have been unnecessary to amend paragraph 1313 of the Tariff Act of 1930, since the exclusionary provisions contained therein did not relate to use but only to material. It is a basic principle of law which needs no citation that it is presumed Congress would not do a useless act. However, paragraph 1313 was in fact amended, 93 Treas. Dec. 388, T.D. 54676. By the same token, if Congress had intended to eliminate the exclusionary language contained in paragraph 1529(a) of said act, it could have done so by the legislative process.

The basic fallacy in the argument of defendant that the amendment of paragraph 1559 of the Tariff Act of 1930, *supra*, making "use" the primary determinative of similitude, eliminates the exclusions addressed to considerations of material, texture, or quality, is answered by the conclusion that the amendment in question does not in any sense relate to, modify, or change any other paragraph which may have exclusionary provisions:

Paragraph 1313: *J.M.P.R. Trading Corp., Alltransport, Inc.* v. *United States*, 43 CCPA 1, C.A.D. 600; *United States* v. *Steinberg Bros., Steinberg Bros.* v. *United States*, 47 CCPA 47, C.A.D. 727.

Paragraph 212: *Maher-App & Company* v. *United States*, 44 CCPA 22, C.A.D. 630; *Air Express Int'l Agency, Inc., et al.* v. *United States*, 46 Cust. Ct. 163, C.D. 2251.

One of the most recent pronouncements of the appellate court on the question of similarity is *A.L. Erlanger Co., Inc.* v. *United States*,

51 CCPA 51, C.A.D. 836, which involved the interpretation of paragraph 1559 prior to the amendment. It is to be noted, however, that, in the *Erlanger* case, *supra*, the perlon staple fiber involved therein was agreed to most resemble in material, quality, texture, or use, rayon staple fiber.

Accordingly, the court had before it for consideration the question of use as well as the other characteristics and, in the course of its decision, stated:

> We agree with appellee that appellant's cited cases "stand for nothing more than the threshold proposition never in dispute here; that exclusion of imported merchandise from a particular enumerated provision by restrictive definition precludes not only direct classification but also classification thereunder by similitude." These cases can hardly be asserted as authority for anything more with respect to the issue of classification by similitude.

Under the provisions of paragraph 1559 of the Tariff Act of 1930, prior to amendment, it was unnecessary that the two products being compared for purposes of similitude be similar in all four particulars, since substantial similarity in any one was sufficient. *Corporacion Argentina de Productores de Carnes* v. *United States*, 29 CCPA 288, C.A.D. 204.

We are in accord with the foregoing principle that an article which may not be classified directly by virtue of the exclusionary provisions of a paragraph will not be permitted classification thereunder by similitude, notwithstanding the amending of paragraph 1559, *supra*, which utilizes only use as the prime consideration for the application of the similitude provision contained therein.

It is clearly established from the record that the imported article is not made from filaments, yarns, or threads. Hence, it is unnecessary to consider the cases referred to by counsel relating to what constitutes filaments, yarns, or threads.

Based upon the foregoing, it is apparent that classification, either directly or by similitude under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified, *supra*, is erroneous.

The record does establish that plastic doilies and smaller paper doilies are similar insofar as durability is concerned. However, the witness had never seen a paper doily in the size range involved herein. A record containing such evidence is insufficient to either establish or negate similitude to a paper doily under the provisions of paragraph 1413. It is a basic principle in the field of customs jurisprudence that the classification of the collector is presumed to be correct. Under this principle, plaintiff has the dual burden of establishing the classification of the collector to be incorrect and establishing the correct classification. Plaintiff has overcome the first portion of its dual burden but has failed to establish the correct classification.

In order for plaintiff to prevail in its primary claim under para-

graph 1558, *supra*, it is necessary for it to negate a classification either directly or by similitude to any enumerated article in said act. Accordingly, in view of the record, we are constrained to overrule the protest without affirming the collector's classification.

Judgment will be entered accordingly.