(C.D. 2549)

J. E. BERNARD & Co., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 25, 1965)

*Wallace & Schwartz* (*Joseph Schwartz* of counsel) for the plaintiff.
*John W. Douglas*, Assistant Attorney General (*Herbert L. Warren*, trial attorney), for the defendant.

DONLON, Judge: This case is now before me to rewrite for the majority an opinion that was originally written as a dissent.

Imported plastic toilet roll holders, with back plates, were entered on September 13, 1961, as unenumerated articles dutiable, by virtue of the similitude provision of paragraph 1559, in the case of the plastic roll holders at 30 per centum ad valorem under modified paragraph 212, and in the case of the back plates at 19 per centum ad valorem under modified paragraph 397. The merchandise was liquidated as it was entered.

Plaintiff's protest claim as to the back plates has been abandoned. (R. 3.)

There are three protest claims as to the plastic toilet roll holders, viz., for classification, by virtue of the similitude clause of paragraph 1559, either under modified paragraph 31 at 17 per centum, or under modified paragraph 397 at 19 per centum; or, without recourse to the similitude clause of paragraph 1559, for classification at 10 per centum under the provisions of modified paragraph 1558. While the protest is not so specific as seems necessary as to what these classification claims are, research discloses that the claim under paragraph 31 is founded on alleged similitude of these plastic roll holders to articles in chief value of wood; that the claim under paragraph 397 is founded on alleged similitude to articles in chief value of certain metals therein enumerated; and that the paragraph 1558 claim is for classification as unenumerated manufactured articles because there is not similitude in use to any enumerated article.

Plaintiff limited its proofs to a showing that these articles do not exhibit the vitrified or semivitrified fracture that is specified, in paragraph 212, as an essential feature of china, porcelain, and other vitrified wares enumerated therein. On this showing, and relying on precedents cited in its brief, plaintiff argues that these plastic roll holders are not properly classified under paragraph 212, by similitude in use; and that, having shown by its proofs that the collector's classification is erroneous, it follows that its case for the claimed paragraph 1558 classification has been made.

Plaintiff introduced no proofs and presented no arguments in support of its similitude claims under paragraphs 31 and 397. Counsel stated that its paragraph 1558 claim was its principal claim but "we are not abandoning any other claim in the protest." (R. 3.) Those claims are, therefore, dismissed for failure to prosecute.

The official papers transmitted to the court by the collector were received in evidence. Plaintiff adduced the testimony of two witnesses and sample exhibits.

Defendant introduced no proofs.

This leaves us with only one protest claim for decision, namely, the claim for paragraph 1558 classification of these plastic holders as unenumerated manufactured articles. It is plaintiff's posture that the collector's classification by similitude, under paragraph 212, to porcelain toilet roll holders is unlawful for the reason that the proofs show that the polystyrene of which these holders are made does not exhibit, when broken, a vitreous or semivitreous fracture.

The collector's classification carries with it a presumption that he found that these articles were, at the time of their entry in 1961, unenumerated manufactured articles that would be dutiable at 10 per centum under modified paragraph 1558, unless the applicable provisions of paragraph 1559 require classification by similitude to a dutiable enumerated article. There is no evidence that these plastic roll holders are not *similar in use* to toilet roll holders of porcelain.

What plaintiff relies on is an argument that, under what is called the exclusionary rule, classification of these plastic holders by similitude to holders of porcelain is excluded as a matter of law because of material characteristics, regardless of similitude in use.

Defendant likewise regards the issue as one of law, stating in its brief that the effect of the 1954 amendment of paragraph 1559 is to require "the court to consider only the question of use in determining whether or not articles may be classified by similitude to other paragraphs, and that similarity of materials may not be considered unless similarity of use does not resolve a classification problem." (Defendant brief, p. 3.)

The issue calls for consideration of the changes in paragraph 1559, with especial reference to the previously decided cases.

In approaching resolution of the issue thus defined by the parties, we turn first to consideration of the changes in paragraph 1559 effected by the Customs Simplification Act of 1954.

Prior to the 1954 amendment, paragraph 1559 read as follows:

That each and every imported article, not enumerated in this chapter, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this chapter as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; and if any nonenumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied on such nonenumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest rate of duty; and on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value; and the words "component material of chief value," wherever used in this chapter, shall be held to mean that component material which shall exceed in value any other single component material of the article; and the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article. If two or more

rates of duty shall be applicable to any imported article, it shall be subject to duty at the highest of such rates. [19 U.S.C., sec. 1001, par. 1559.]

Paragraph 1559, as amended by the Customs Simplification Act of 1954, effective October 1, 1954, provides as follows:

(a) Each and every imported article, not enumerated in this chapter, which is similar in the use to which it may be applied to any article enumerated in this chapter as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

(b) The words "component of chief value", wherever used in this chapter, shall be held to mean that component material which shall exceed in value any other single component material of the article involved; and the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article.

(c) If two or more enumerations shall be equally applicable to any article, it shall be subject to duty at the highest rate prescribed for any such enumeration. [19 U.S.C., sec. 1001, par. 1559.]

By this amendment, the mixed materials clause was eliminated from paragraph 1559. Quality and texture were eliminated altogether as tests of similitude. Use became the sole first test of similitude. Material was eliminated as a first test of similitude but was retained as a secondary test, to be applied when, on application of the first, or use, test, it appears that the nonenumerated article "equally resembles * * * two or more enumerated articles" *in its use.*

The language of amended paragraph 1559, to this effect, seems so clear as not to require recourse to any aids to interpretation. Indeed, the history of the 1954 enactment supports our conclusion that Congress intended the amendment to paragraph 1559 to mean precisely what Congress said.

The Customs Simplification Act of 1954 was an administration measure, introduced at the behest of the Secretary of the Treasury. The then Assistant Secretary of the Treasury, Mr. H. Chapman Rose, appeared before the House Committee on Ways and Means in support of the bill. The proposed amendment to paragraph 1559 was section 201 of the bill as it was introduced; and despite some suggestions for change that were presented to the Committee by other witnesses, that section of the enactment reads *verbatim* as in the bill when it was introduced.

Discussing circumstances (as to paragraph 1559) which induced the Treasury to draft the bill and to cause it to be introduced, Mr. Rose testified as follows:

The confusion for the importer, the administrative problems presented to Government officers, and the possibilities for litigation are apparent * * *.

These complications are made still more complicated by a number of additional factors. First, the Tariff Act of 1930 of course dealt only with commodities which were involved in commerce in 1930. Since that time many new products have been developed, particularly in the field of plastics, synthetics, and electronics, which are not adequately described in the Tariff Act. The determination of the proper classification in terms of 1930 descriptions or similitude to articles enumerated in the Tariff Act involves a continuing controversy and resultant uncertainty until a final decision for each product has been rendered. [Hearings before the Committee on Ways and Means, House of Representatives, 83d Congress, 2d session, on H.R. 9476, June 22, 24, 25, and 28, 1954, pp. 10, 11.]

Discussing what he called the conflicting and somewhat confusing standards for classification of unenumerated articles by similitude, Mr. Rose testified as follows:

\* \* \* The present provisions contemplate the classification of an unenumerated article by its similitude or its similarity to any enumerated article to which it is similar in one of four respects: either material, quality, texture, or use. Then alternatively, there is a so-called mixed-materials clause in that same paragraph, which requires nonenumerated articles which are manufactured of two or more materials to be classified at the highest rate at which the article would be subject if it were wholly composed of its component material of chief value. The revision which title II would make in this provision would repeal the mixed-materials clause entirely, and it would specify that nonenumerated articles would be classified according to similarity in use if that would result in a classification. *Only if there were identity in use would recourse be had to similarity in material.*

We believe that that would very considerably simplify the present problem of classifying articles that are not currently enumerated in the presently effective Tariff Act. [*Idem*, p. 13; emphasis supplied.]

Testifying before the Committee also in support of the bill, Mr. Harry S. Radcliffe, executive vice president of the National Council of American Importers, Inc., said, as to the purpose of the similitude revision:

Section 201 of the bill proposes a revision of the similitude rule in paragraph 1559 of the Tariff Act to make the *use* to which a nonenumerated article may be applied *the principal criterion, with the component material of chief value to govern only when the nonenumerated article is equally similar in its end use to two or more enumerated articles* on which different rates of duty apply. [*Idem*, p. 48; emphasis supplied.]

After hearings, the House Committee on Ways and Means reported a bill in which section 201 of the Treasury bill was incorporated without change. Senate Report No. 2326, to accompany the House bill, reports as follows with respect to section 201:

Imported articles not specifically enumerated in the schedules of the Tariff Act of 1930 now are classified under the so-called basket clause in paragraph 1558. Paragraph 1559, however, states an exception to this general rule and authorizes the classification of unenumerated articles by similitude, either in material, quality, texture, or use, and also provides for classification of unenumerated articles manufactured of two or more materials at the rate that

would be chargeable if the article were wholly composed of the component material of chief value.

Section 201 would delete the mixed-materials clause. It would also provide for the classification of nonenumerated articles at the rates applicable to the enumerated articles to which they are most similar in use. In the event that such an article should be equally similar in use to two or more enumerated articles it would then be classified at the rate of duty applicable to that one of such articles which it most resembles in terms of material of composition. [3 U.S. Code Congressional and Administrative News, 1954, at p. 3904.]

In construing paragraph 1559 as the tariff provision for similitude classification, collectors are required to give consideration, in the first instance, solely to similarity in use. If similarity in use is found as to two or more enumerated articles which have different duty rates, then, and only in such case, collectors are next to determine which is the proper duty rate by deciding which of the enumerated articles, all similar in use, is the one which the litigated article most nearly resembles in the material of which it is composed.

Paragraph 1559 requires here, first, a finding that these plastic polystyrene toilet roll holders are an unenumerated article. They are. It requires, second, a finding that their use is similar to the use of an enumerated article. The collector found similarity in use to articles enumerated under paragraph 212, and plaintiff's proofs have not rebutted such similarity *in use*.

Plaintiff has failed in its first burden of proof, namely, to show that there is no similarity in use to the classification it has protested. But for a difference of opinion within the division and between opposing counsel, as to the scope and effects of the so-called exclusionary rule under new paragraph 1559, there would seem to be no need for further opinion. As it is, comment on the exclusionary rule is indicated.

What is the exclusionary rule? Under a statute which prescribed tariff classification for unenumerated articles when they had similitude *either* of material, texture, quality, or use, to an enumerated dutiable article, the courts devised a rule which eliminated, and properly, dutiable enumeration, under similitude classification, of articles that were identical to the enumerated article save in some respect which the enumeration described. Similitude could not, under this rule of judicial construction, be invoked for an article which, but for the express statutory exclusion, would be directly classified under the enumeration.

This distinction was stated early. It was expressed as a judicially recognized difference between material identity and material similitude. A leading case is *Schoenemann* v. *United States*, 119 Fed. Rep. 584. Controversy there was as to whether shells that were *not* sawed, cut, polished, or otherwise manufactured or advanced in value from

the natural state, could be classified *by similitude* under the enumeration for shells that had been so advanced.

Speaking for the Court of Appeals, Third Circuit, and reversing the trial court, Judge Gray said:

We cannot agree with the learned judge in thinking that this "similar" section is applicable to the case before us. Paragraph 450 [U.S. Comp. St. 1901, p. 1678] imposes a duty on shells "engraved, cut, ornamented, or otherwise manufactured." Admitting that the shells in question are not within this category, they still are shells not "engraved, cut, ornamented or otherwise manufactured," and to say that such are articles not enumerated in this act, similar either in material, quality, texture or the use to which they may be applied, to shells which are "engraved, cut, ornamented or otherwise manufactured," and so chargeable with the same rate of duty, makes the section in question work an absurdity. It is saying, in effect, that though "shells engraved," for instance, are expressly made subject to a tax of 35 per cent., shells not engraved shall be liable to the same tax, because shells not engraved are similar to "shells engraved." We do not think that this section is susceptible of this interpretation, or was meant to apply except to articles of manufacture, which, though different and distinct from each other, are similar in the respects mentioned in the statute. In this case, there is an identity of material, not similarity, and when the statute expressly prescribes a duty for this material, when it is in a certain condition, it must be taken to preclude the application of the similitude statute to the same material not in that condition. It would be equally as reasonable to say that, because certain stones fashioned into monuments or into cubical blocks are dutiable, stones not so fashioned and not in building shapes, should be liable to the same tax, on the ground of similarity of material.

There is nothing in the record of this case, that suggests an attempted evasion of the tariff laws, against which, the supreme court has said the similitude clause was designed to be a protection. *These articles are not manufactured imitations of shells*, suitable to take their place in use as ornaments; *but they are the very shells mentioned in the act, lacking the changes* from the natural state *mentioned and described therein, as the conditions prerequisite to their being dutiable.* It must be presumed that the lawmaking power had in mind the difference between "shells engraved, cut, ornamented, or otherwise manufactured," and shells that were not so, and did not intend that the very differentiation made by the law itself, should be nullified and made of no effect by this similitude provision. The contention of the court below makes the legislative act futile, and accomplishes the result clearly not intended, to wit, that all shells, in whatever state or condition, shall be dutiable at 35 per cent. ad valorem. [*Schoenemann, supra*, at p. 586; emphasis supplied.]

There are other decisions which hold that an article which is the same as an enumerated article, save in a distinguishing respect specified in the enumeration, is an article that is identical and not a similar article for purposes of the similitude clause. Paragraph 1559 has to do only with articles that have similitude, *i.e.*, similarity; it has no application to articles that have identity; and, therefore, it may not be invoked to bring under an enumeration, by operation of similitude, articles that are of the *same* material but which do not possess a feature specified in the enumeration.

Similarity implies *both* likeness and difference. *United States* v. *Steinberg Bros.*, 47 CCPA 47, C.A.D. 727; *S. S. Kresge Co. et al.* v. *United States*, 46 CCPA 100, C.A.D. 707; *Strauss & Co.* v. *United States*, 2 Ct. Cust. Appls. 203, T.D. 31946.

As Judge Gray said, in *Schoenemann, supra*, the similitude provision was meant to apply only to articles which are different and distinct from each other, but similar in the respect mentioned in the statute. The respect now mentioned in the statute, as the primary test of similitude classification, is use and only use.

We do not have before us the issue that was before the court in *Cresca Co. (Inc.) et al.* v. *United States*, 17 CCPA 83, T.D. 43376. There, an article that was expressly excluded from a tariff enumeration was held to be excluded also from classification *under that enumeration* by similitude. The article in *Cresca* was a sugar syrup with total sugars less in degree than the degree which the enumeration described. A point to note is that *both* were sugar syrups; that is to say, they were the same material, except as to degree of their sugar content; just as in the *Schoenemann* case they were both shells.

Here, as in the more recent case of *Maher-App & Co.* v. *United States*, 44 CCPA 22, C.A.D. 630, the article is of different material. In both cases, the material is plastic and the tariff enumeration invoked by similitude describes a kind of china, porcelain, and other vitrified wares. Plastics are not china, porcelain, or any other kind of vitrified ware. Plastics are not material identical to vitrified ware, either with or without a fracture.

In *Maher-App & Co.*, our appeals court enlarged the rule of the *Cresca* case to exclude, under old paragraph 1559, an article made of plastic, on the ground that it did not exhibit the vitreous fracture characteristic that is described in the paragraph 212 enumeration for vitrified wares. There was no such identity of material in *Maher-App*, as there had been in *Cresca* and in *Schoenemann*.

That the decision of the appeals court might have been otherwise under the provisions of new paragraph 1559, which makes *similarity in use* the sole primary test of tariff classification, was stated by Judge (now Chief Judge) Worley in his opinion, in which he says:

It also seems proper to note, in connection with similitude of use that, as pointed out by appellant, it is a matter of common knowledge that artificial teeth are made of substances other than porcelain, including gold, enamel, and ivory, which are provided for *eo nomine* in the Tariff Act of 1930. If *material, texture, and quality are disregarded*, there appears to be no more reason for classifying the instant merchandise by similitude to porcelain teeth than to any of the other materials of which artificial teeth are made. [*Maher-App & Co., supra*, at p. 27; emphasis supplied.]

Plaintiff cites two cases that arose subsequent to the enactment of the Customs Simplification Act of 1954, viz., *A. W. Ronald Asso-*

*ciates* v. *United States*, 46 Cust. Ct. 264, C.D. 2267, and *Air Express Int'l Agency, Inc., et al.* v. *United States*, 46 Cust. Ct. 163, C.D. 2251. In both, the majority opinion, in this division, cited as precedent and followed the decision (under old paragraph 1559) in *Maher-App*, which is discussed, *supra*.

In *Air Express*, it was stipulated that the facts were in all material respects similar to the facts in *Maher-App*, *supra*, in which our appeals court had held that there was similarity neither in *use* nor in material. In *Ronald Associates*, the record showed, and we held, that there was not similarity in *use* to the soapdishes and brush holders of the enumeration.

It is hardly necessary to add that we concur with those decisions which have held that application of the similitude provision cannot be used to put merchandise into a classification from which it is expressly excluded. If these holders were made of porcelain which did not exhibit the required vitreous fracture, they could not be classified under paragraph 212 as porcelain ware with a vitreous fracture, because as such they would be expressly excluded from that enumeration. They are not holders made of porcelain, or of china, or other vitrified wares. They are holders made of plastic polystyrene, which is a material new since 1930, one of the new materials which Secretary Rose mentioned at the Congressional hearing on the 1954 Simplification Act. Polystyrene is not within the enumeration of paragraph 212. These holders might be classified under paragraph 212 by reason of the fact that they are (1) unenumerated articles and (2) *similar in use* to articles of the paragraph 212 enumeration. If it appeared that they "equally" resemble in use two or more enumerated articles, then and in that event it would be necessary to decide which of such articles these holders most resemble in the material of which it is composed.

The proofs here do not bring us to consideration of this final standard for classification.

It is a matter of common knowledge that toilet roll holders are sometimes made of materials other than plastic and porcelain. Most people have seen such holders, made of metal or of wood. Perhaps there are other materials. As a secondary test of similitude classification, proofs of such similitude in use and, in consequence, of major material resemblance would have been relevant. These proofs were not adduced. To speculate would be to indulge ourselves outside judicial responsibility to decide this case on the record the parties have developed.

In the period while this case has been before the third division for its decision, the second division has handed down a decision which seems to be in conflict with the opinion here expressed, both as to the exclusionary rule and as to the nature of the amendment to par-

agraph 1559 made by the Customs Simplification Act of 1954. *New York Merchandise Co., Inc.* v. *United States*, 54 Cust. Ct. 199, C.D. 2533, decided April 28, 1965.

We agree with our learned colleagues that the amendment of paragraph 1559, effected by the Customs Simplification Act of 1954, did not amend specific paragraph enumerations of the Tariff Act of 1930. We see no reason to suppose that Congress intended to do so.

We agree also with our colleagues that, under old paragraph 1559, it was unnecessary that two products, compared for purposes of similitude, should be similar in all four of the paragraph 1559 particulars, since substantial similarity in any one particular was sufficient for similitude classification. That is precisely the circumstance which lends significance to Judge Worley's statement in *Maher-App, supra*, which we have quoted earlier, as to a possible difference in the opinion of our appeals court if use, and use only, should be the criterion of similitude. This it now is, as the first instance particular for similitude classification by virtue of the 1954 amendment.

Nor do we question that the exclusion of imported merchandise from a particular enumeration, *solely* by reason of a restrictive definition, will preclude direct classification of that merchandise under the enumeration, as well as its classification thereunder by similitude. This is the well-established rule. *A. L. Erlanger Co., Inc.* v. *United States*, 51 CCPA 51, C.A.D. 836; *Schoenemann* v. *United States, supra; Cresca Co. (Inc.) et al.* v. *United States, supra.*

The fact is that plastic toilet roll holders are excluded from direct classification under paragraph 212 because they are *not* the articles enumerated in paragraph 212, namely, china, porcelain, or other vitrified wares. These plastic toilet roll holders have no identity with the porcelain toilet roll holders of the enumeration. They are excluded whether they have, or do not have, bodies that exhibit a vitrified fracture. Apart from the restrictive definition, they cannot be directly classified under paragraph 212.

The point of distinction we make is that, absent similarity of material (since the 1954 amendment) as a primary test of similitude classification, an article that is different from an enumerated article in every respect as to the material of which it is composed, may, nevertheless, be classified under the enumeration by similitude provided similitude in use is shown. That is the situation here.

The opinion in *New York Merchandise Co., Inc., supra*, does not consider the history, rationale, and judicially established limitations of the exclusionary rule. It also does not consider the intention of Congress, in enacting new paragraph 1559 as a part of the Customs Simplification Act of 1954, namely, that materials newly developed as articles of commerce since 1930, including plastics, should be classi-

fied by *similitude of use* to enumerated articles which are composed of older materials, and that the elimination of material as a primary test of similitude was desirable in order to minimize confusion and reduce litigation. These objectives, desired by Congress and by the administration, are still unresolved by final judicial authority. It seems to us time, 11 years after the 1954 enactment, that this issue go to the court of appeals for its decision.

Whether because plaintiff has failed to rebut the presumption that these plastic toilet roll holders resemble in use porcelain toilet roll holders, as the collector found; or because we take judicial notice of what has not been proven, namely, that there are at least two, and perhaps more, other toilet roll holders, made of different materials, which these plastic holders equally resemble in use, and plaintiff has failed to prove which of them is made of a material which the plastic polystyrene of these holders most nearly resembles; in either case, plaintiff has not met its burden of proof.

The protest claim to paragraph 1558 classification of the plastic toilet roll holders is overruled. The protest claims to classification of back plates under paragraph 31 by similitude, or directly under paragraph 1558, having been abandoned, are dismissed. The other protest claims are dismissed for failure to prosecute.

Judgment will be entered accordingly.

### CONCURRING OPINION

NICHOLS, Judge: I cannot agree entirely with either of the opinions of the division's regular members in this case.

The record shows that the collector classified under paragraph 212 by similitude, but whether similitude of use does not appear. We cannot presume it was.

I do not think counsel, by limitations in the proof offered, can bar us from taking judicial notice of what is open and obvious to us in our daily lives, not requiring technical knowledge or explanation. We know, judicially, that toilet roll holders are made of several materials, and that their use is virtually identical, of whatever material they are made. Compare *Maher-App & Company* v. *United States*, 44 CCPA 22, 27, C.A.D. 630 (in which it is judicially noticed that artificial teeth, all similar in use, are made from porcelain, gold, enamel, and ivory, as well as plastic). Acc: *Torch Rubber Co., Inc.* v. *United States*, 41 Cust. Ct. 161, C.D. 2035.

Thus, the first part of amended paragraph 1559 must be held inapplicable. There is no dutiable article which the imported merchandise *most* resembles as to use. There are only several which it *equally* resembles in that particular. The case is like *Ignaz Strauss & Co.*,

*Inc., et al.* v. *United States*, 45 Cust. Ct. 161, C. D. 2218; *Chong Kee Jan Co., Inc., et al.* v. *United States*, 48 Cust. Ct. 439, Abstract 66728; and *Border Brokerage Co.* v. *United States*, 51 Cust. Ct. 247, Abstract 68090. In these cases, all decided under the new language, a supposed, stipulated, or established equal resemblance to the imported article, not closer than that here involved, in the use of articles, of two or more different materials, was held to require classification according to that article which the import most resembled as to material.

The record shows the import is organic, combustible, soluble in several solvents, and is the plastic known as styrene. Porcelain is inorganic, noncombustible, and insoluble. The exclusionary clause in paragraph 212 requires an article classified under that paragraph to consist of a vitreous nonabsorbent body which when broken shows a vitreous or semivitreous fracture. It is conceded the import does not meet this test.

If the import most resembled porcelain as to use, that is, were used more as a porcelain toilet roll holder is used than as a holder of any other material is (*Ignaz Strauss & Co., Inc.* v. *United States, supra*), then we would squarely confront the question whether, under *Maher-App, supra*, the exclusionary clause was applicable. But the whole argument for its inapplicability rests on the proposition that, in a classification under paragraph 212 by similitude only of use, a statutory specification or exclusion as to material cannot control. Manifestly, this argument fails when, as I have shown, is the case here, the invocation of paragraph 212 has to rest on similitude of material. I think the issue whether *Maher-App, supra*, applies to similitude of use under the new law can be saved for another case when it arises. When a classification by similitude depends on similitude as to material, *Maher-App* clearly applies in all its force. Actually, the case for application of the exclusionary clause is stronger here than there. The court, in *Maher-App, supra*, might understandably have been in doubt whether similitude of material was a factor or not. The then statute made the factors disjunctive: "similar either in material, quality, texture, *or* the use * * *." [Italics supplied.] The Government argued that if use was selected as controlling, material was made of no account. But here, this cannot be said if I have applied the new statute to the facts correctly. Use being equal among contending paragraphs, material is decisive.

Hence, I would hold that the collector's classification under paragraph 212 is of necessity wrong, whether he classified by similitude of use or similitude of material.

I note that the second division, in *New York Merchandise Co., Inc.* v. *United States*, 54 Cust. Ct. 199, C.D. 2533, decided April 28, 1965,

holds that, under the amended paragraph 1559, exclusionary language is effective to prevent classification by similitude in use. They also rejected another claimed similitude for lack of evidence. There does not seem to have been any question of two or more articles being equally similar as to use, and, therefore, similitude of material did not come into contention. Since their case differs so from that which we have at bar, it is not necessary to consider whether we agree or disagree with the conclusions of law the second division arrived at. Their opinion seems carefully considered, and I would not go out of my way to discredit it.

Having rejected paragraph 212 as controlling the classification, we turn to the ultimate disposition of the case. *Maher-App, supra*, here supplies a puzzling factor. The court at the end of its opinion noted the several similitudes possible for plastic teeth. It reversed, and remanded for further proceedings by us consistent with its views. These "further proceedings" appear by our records to have been a simple sustaining of the protests and a holding that the merchandise is dutiable under paragraph 1558. I find it difficult to consider this as a proceeding consistent with the views of our appellate court, for the existence of possible similitudes such as the court pointed out, would need to be refuted before paragraph 1558 was properly applicable.

At any rate, the case before us is distinguishable in that here the existence of possible similitude classifications other than under paragraph 212 is before us by protest claims which have not been abandoned, if they have not been pressed. This was not true in *Maher-App, supra*.

In some cases, possible similitude may be established or refuted by facts of which we can take judicial notice. However, the selection among articles, all identical as to use, to find the merchandise most resembling that before us as to material, would seem usually to require evidence. Such evidence being lacking, the plaintiff must be held not to have sustained its burden of establishing what classification is correct. It cannot properly obtain paragraph 1558 classification without refuting our supposition that valid similitudes exist. Accordingly, I would overrule the protest, without affirming the collector's classification.

#### DISSENTING OPINION

RICHARDSON, Judge: I agree with my colleagues that plastic toilet roll holders are not properly classifiable under paragraph 212, Tariff Act of 1930, as modified, by virtue of the similitude clause in paragraph 1559, as amended. The language of paragraph 212 excludes

merchandise which does not show, as the imported merchandise does not, a vitrified or vitreous or semivitrified or semivitreous fracture, even though the similitude relied upon is that of use. *Maher-App & Company* v. *United States*, 44 CCPA 22, C.A.D. 630; *S. S. Kresge Co. et al.* v. *United States*, 46 CCPA 100, C.A.D. 707.

\* \* \* No application of the similitude statute can put it into a classification from which it is expressly excluded. [*Cresca Co. (Inc.) et al.* v. *United States*, 17 CCPA 83, at p. 85, T.D. 43376.]

In the recent case of *A. L. Erlanger Co., Inc.* v. *United States*, 51 CCPA 51, C.A.D. 836, the court of appeals held that where an article is excluded by statutory definition from classification by similitude to the article which it most nearly resembles in fact, it is classifiable by similitude to the article which it next most nearly resembles. In that case, the merchandise consisted of perlon (nylon) staple fiber and most resembled in material, quality, texture, or use filaments of rayon, known as staple fiber, provided for in paragraph 1302 of the Tariff Act of 1930, as modified. However, it was precluded from classification thereunder by reason of the definition of synthetic textiles in paragraph 1313 of said tariff act. It was stipulated that the merchandise next most nearly resembled silk, partially manufactured, not twisted or spun, as provided for in paragraph 1201 of said tariff act. The merchandise was, therefore, held subject to duty under said paragraph 1201, by virtue of the similitude clause in paragraph 1559. The court stated:

We are persuaded that the apposite decided cases support the proposition that where, as here, the article is virtually identical in fact to the articles classified in paragraph 1302 but excluded by statutory definition from that paragraph, the similitude provision is not thereby bereft of vitality. The article which the imported merchandise next most nearly resembles in fact, not precluded by restrictive statutory definition, becomes the article which the imported merchandise "most" resembles for purposes of the similitude provision of the statute.

Therefore, in the instant case, inquiry must be made as to whether the imported merchandise resembles articles other than porcelain before resort can be had to classification under the provisions for unenumerated articles. *Bartley Bros. & Hall et al.* v. *United States*, 3 Ct. Cust. Appls. 363, T.D. 32961; *Robins* v. *United States*, 1 Ct. Cust. Appls. 252, T.D. 31278; *Johnson & Co.* v. *United States*, 10 Ct. Cust. Appls. 54, T.D. 38333; *Isler & Guye* v. *United States*, 11 Ct. Cust. Appls. 340, T.D. 39146.

In the instant case, there has been no evidence introduced to prove that the toilet roll holders should be classified by similitude to merchandise under some paragraph of the tariff act, other than paragraph 212, the paragraph used by the collector, and the plaintiff has over-

come the presumption of correctness attaching to the findings of the collector under paragraph 212, so if these were all of the facts I would be inclined to follow the decision in *Salentine & Company, Inc.* v. *United States*, 46 Cust. Ct. 357, Abstract 65216, and enter judgment for the plaintiff under paragraph 1558. However, plaintiff did not rest its claim under paragraph 1558 only. It also claimed, in the alternative, 17 per centum under paragraph 31, as modified, by similitude to articles of cellulose acetate, or at 19 per centum under paragraph 397, as modified, by similitude to metal articles, and it was stated at the trial "we are not abandoning any other claim in the protest."

Ordinarily, I would dismiss these alternative claims since no evidence was introduced to support them, but in view of the plaintiff's position that "we are not abandoning any other claim in the protest," and the language of paragraph 1559 which states that "'Each and every imported article, not enumerated in this chapter, which is similar in the use to which it may be applied to *any article enumerated in this chapter* as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned * * *'" [emphasis added], I feel we cannot eliminate paragraphs 31 and 397 from consideration in deciding the case.

As there has been no evidence and I am not informed of an end product of cellulose acetate which resembles the subject merchandise in use, the subject merchandise cannot be classified under paragraph 31. On the other hand, it is a matter of common knowledge that toilet roll holders are made of various materials, including metal (embraced in paragraph 397), as well as porcelain and plastic. The court may take judicial notice of a fact that is a matter of common knowledge, *Torch Rubber Co., Inc.* v. *United States*, 41 Cust. Ct. 161, C.D. 2035; *Samuel Shapiro & Co., Inc.* v. *United States*, 20 Cust. Ct. 41, C.D. 1081, and the court should take judicial notice of the fact that plastic toilet roll holders do resemble in use toilet roll holders of metal, and sustain the plaintiff's claim for classification by similitude of use under paragraph 397. Plaintiff's claims for classification under paragraphs 31 and 1558 should be overruled.

Since my two colleagues do not share my views as to judicial notice and are of the opinion that the protest should be overruled on each claim for relief, but entertain divergent reasons for their conclusion, and the equities appear to me to be with the plaintiff, I feel a just determination of the litigation may best be had by restoring the case to the calendar for the purpose of enabling plaintiff to introduce evidence under paragraph 31 or paragraph 397.