(C.D. 3743)

Sidney M. Baba & Company *v.* United States

United States Customs Court, Third Division

(Decided March 13, 1969)

*Sidney M. Baba* for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Harold L. Grossman* and *Robert T. Richardson*, trial attorneys), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges; ROSENSTEIN, J., concurring

LANDIS, Judge: The merchandise of this protest consists of plastic doilies imported from Israel. At Chicago, in the absence of a tariff provision for plastics, plaintiff, pursuant to the similitude provisions in paragraph 1559 of the Tariff Act of 1930, as amended, entered the doilies, part as similar to manufactures of chip under paragraph 1537, as modified, dutiable at 12½ per centum ad valorem, and part as similar to paper cut to shape under paragraph 1413, as modified dutiable at 15 per centum ad valorem.

Customs officials liquidating the entry changed the classification of the doilies entered under paragraph 1537, noting that those doilies were similar to swiss-type ornamented table scarfs under paragraph 1529(a), as modified, dutiable at 45 per centum ad valorem.

Plaintiff's protest is a mixed complaint alleging that he discovered that the doilies were "torn and damaged" too late to make a claim, and an objection that the plastic doilies assessed at 45 per centum ad valorem should be dutiable at 12½ per centum ad valorem under paragraph 1537 rather than at 45 per centum under paragraph 1529(a).

On trial at Chicago plaintiff, owner of his company, as distinguished from a corporation which may not be heard except through an attorney admitted to practice in this court, elected, with the approval of the court, to present his case without the advice or assistance of counsel. Defendant immediately moved to dismiss the protest for failure to state a cause of action. The trial judge discretionally reserved decision on the motion, without prejudice, to hear the merits of the protest. Mr. Sidney M. Baba thereupon testified in his own behalf.

Mr. Baba's testimony is, in effect, a lament that the plastic doilies, being too thin and fragile, were not of the quality he expected. He stated that he had had many returns on which he had to make refunds to his customers. The doilies, he said, were imperfect rather than damaged merchandise. He further stated that were they damaged he would have had an insurance claim. Fortunately the quality of subsequent importations, about five or six, improved in that he found the doilies in "perfect condition." Mr. Baba closed his testimony with the statement that he had paid duty in part at 45 per centum rather than 12½ per centum ad valorem as he anticipated when the doilies were entered.

Upon the record thus made, the trial judge ordered the case submitted for decision with time for briefs on defendant's motion to dismiss. Defendant having now withdrawn the motion to dismiss in favor

of a decision on the merits, and it appearing to us that plaintiff has entirely failed to offer any probative evidence whatsoever to sustain its claimed classification under paragraph 1537, the protest must be overruled.

Judgment will enter accordingly

## Concurring Opinion

Rosenstein, Judge: I concur in overruling the protest on the basis of the record herein. Note is taken, however, of the decision in *New York Merchandise Co., Inc.* v. *United States*, 54 Cust. Ct. 199, C.D. 2533 (plaintiff's application for rehearing granted, 54 Cust. Ct. 469, Abstract 69387), holding that plastic doilies or table scarfs imported from Israel were not classifiable, either directly or by similitude, under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the supplemental agreement between the United States and Switzerland, 90 Treas. Dec. 174, T.D. 53832, but overruling the protest as plaintiff had failed to establish the correct classification.